IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL DWAIN SMITH | § | |
|    TDCJ # 101104967 | § | |
| V. | § | C.A. NO. C-05-416 |
| | § | |
| SHERIFF LARRY OLIVAREZ, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed with prejudice.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID); however, he is currently confined at the Nueces County Jail. Plaintiff is suing

Larry Olivarez, the Nueces County Sheriff, and Patrick J. Birmingham, President and Publisher of the *Corpus Christi Caller Times* newspaper, alleging that defendants violated his constitutional rights when they caused to be published in the local "Pennysaver" newspaper a picture of plaintiff and a description of his criminal history. Plaintiff relates the following background facts:

In late 2003, plaintiff received notice that he had a pending felony charge against him in Nueces County. Plaintiff contacted a bond company and then turned himself in to the Cass County Sheriff's Department in Linden, Texas. He posted a $10,000 bond and was released.

In June, 2004, plaintiff received a second notice of a second pending felony charge out of Nueces County. Plaintiff posted a second bond of $8,000 with the Titus County Sheriff's Department, in Mt. Pleasant, Texas.

On June 19, 2004, plaintiff's parole was revoked based on the two pending felony charges, and he was taken into custody by the Titus County Sheriff's Department. On August 27, 2004, plaintiff was returned to TDCJ custody. The Titus County Sheriff's Department notified Nueces County that plaintiff had been returned to the TDCJ.

On March 23, 2004, plaintiff returned to Titus County on a bench warrant for a pending misdemeanor charge. On November 12, 2004, plaintiff left Titus County and was returned to the TDCJ. At that time, there was an active warrant for plaintiff's arrest out of Nueces County. A second notice was sent to Nueces County that plaintiff was being returned to TDCJ custody.

In October, 2004, an officer with the Nueces County Sheriff's Department contacted plaintiff's sister, Mrs. Jo Dean Murphy, and told her there was a warrant for plaintiff's arrest. Mrs. Murphy told the officer that plaintiff was in TDCJ custody and gave him plaintiff's TDCJ number and housing assignment. The officer told Mrs. Murphy that the Sheriff's Department would update its records.

On January 5, 2005, the Nueces County Sheriff's Department placed a notice in the Pennysaver newspaper featuring plaintiff on its top ten most wanted list. The notice included plaintiff's picture and characterized him as a fugitive.

Plaintiff filed the instant lawsuit on August 11, 2005. See D.E. 1. Plaintiff claims that Sheriff Olivarez violated his constitutional rights when he (1) characterized plaintiff as a fugitive, (2) supplied false information to the newspaper, and (3) caused the information to be published in the Pennysaver. Plaintiff claims that Patrick Birmingham is responsible for allowing the false information to be published. Plaintiff seeks money damages from each defendant in an unknown amount.

### III. DISCUSSION

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed as frivolous.[1] 42 U.S.C. § 1997e(c)(2). A complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). An action lacks a basis in fact when it alleges fanciful factual allegations, and fantastic or delusional scenarios. Neitzke, 490 U.S. at 328. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar, 112 F.3d at 193.

---

[1] Plaintiff admits that the Nueces County Jail has a grievance process and that he did not exhaust his administrative remedies. He claims he did not need to exhaust his administrative remedies because he was in the custody of the TDCJ, not Nueces County, at the time the allegedly false information was submitted and published.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). The Court may dismiss for failure to state a claim when it is clear that the inmate can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The Court must construe the complaint in favor of the prisoner and assume the truth of all pleaded facts. Id.

Plaintiff claims that defendants published false information about him. In essence, plaintiff is alleging a claim of libel. However, injury to reputation alone does not give rise to § 1983 liability. Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988) (a damaged reputation does not implicate any liberty or property rights sufficient to invoke § 1983). And see Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (injury to reputation as a result of libel or slander in a false prison report does not give rise to § 1983 injury). An individual's interest in his reputation is a matter of state tort law, and is not cognizable under § 1983. Paul v. Davis, 424 U.S. 693, 711-12 (1976). Plaintiff's libel claims are not actionable.

Moreover, it is apparent from plaintiff's original complaint that he is seeking to hold Sheriff Olivarez and Mr. Birmingham liable based on their alleged supervisory roles. It is well settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). "[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of

4

action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S. Ct. 248 (1983) (citations omitted).

Plaintiff has not alleged that either defendant implemented an unconstitutional policy, nor does he offer any facts to suggest that defendants were personally involved in the alleged libel. At most, plaintiff has stated a claim of negligence which is not actionable under § 1983. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997) (mere negligence fails to state a constitutional violation).[2]

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiff's § 1983 claims against Sheriff Olivarez and Patrick Birmingham be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c). To the extent plaintiff intended to raise state law claims of negligence or libel, it is recommended that such claims be dismissed without prejudice.

Respectfully submitted this 29th day of September, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff has also not alleged that defendant Birmingham is a state actor or that he conspired with or acted in concert with state actors. See Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir.) (private person not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights), cert. denied, ___ U.S. ___. 125 S.Ct. 153 (2004).

5

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).